# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARIA KELLY | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:08cv176HSO-JMR |
| | § | |
| WASHINGTON MUTUAL | § | DEFENDANT |

## ORDER AND REASONS GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANT'S MOTION TO DISMISS AND REMANDING CASE TO STATE COURT

BEFORE THE COURT is a Motion to Dismiss filed May 23, 2008 [3-1], by Defendant Washington Mutual [hereinafter "WaMu"] pursuant to FED. R. CIV. P. Rule 12(b)(6), in the above styled and numbered cause. Plaintiff responded [5-1] on May 27, 2008, and Defendant filed a Rebuttal [7-1] on June 4, 2008. After due consideration of the submissions, the record, and the relevant law, it is the opinion of the Court that Defendant's Motion must be granted in part, and denied in part as moot, as set forth hereinafter.

## I. FACTS AND PROCEDURAL HISTORY

On October 26, 2000, Plaintiff entered into a mortgage agreement with Bridges Mortgage Company regarding a home located at 6708 Rue Mornay South, Biloxi, Mississippi. A flood zone determination was issued on October 24, 2000, which stated that Plaintiff's property was deemed to be outside the special flood hazard area. *See* Standard Flood Zone Determination, att. as Ex. 4-2 to Def.'s Mot. to Dismiss. According to Plaintiff, she nonetheless maintained a flood policy, obtained through the National Flood Insurance Program on this property.

Plaintiff's mortgage and promissory note were subsequently assigned to and acquired by WaMu in June 2001. According to the Complaint, based upon WaMu's review and subsequent letter dated May 4, 2003, Plaintiff elected to cancel the flood policy. This letter stated in part that WaMu had contracted with a national flood zone determination company and that, as a result of this review, Plaintiff's property was

> not located within the Special Flood Hazard Area on the current FEMA maps. . . . Washington Mutual does not require flood hazard insurance to be carried on properties that are not located in the Special Flood Hazard Area. . . . As a result, the monthly flood collection has been deleted from your mortgage. You may choose to maintain your flood policy since properties in your area might still be exposed to issues from flooding. Please contact your agent for direct billing, as Washington Mutual will no longer be responsible for remitting your flood premiums.

WaMu letter, att. as Ex. 4-2 to Def.'s Mot. to Dismiss.

On August 29, 2005, Hurricane Katrina severely damaged Plaintiff's property. After the storm, Plaintiff discovered that her property was actually located within the special flood hazard area. Plaintiff now alleges claims for negligence, misrepresentation, and breach of contract. According to the Complaint, as a result of the "erroneous information contained in Defendant's letter concerning the need to no longer keep in effect a flood policy, Plaintiff suffered damages." ¶ 6, Compl. at ¶ 6.

WaMu moves the Court to dismiss the Complaint on the grounds that Plaintiff has no private right of action against WaMu, and that WaMu owes no duty to Plaintiff regarding the flood zone determination made on Plaintiff's

property.

## II. DISCUSSION

A.	Standard Of Review

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)(*citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. To survive a motion to dismiss where the existence of an agreement is in question, the complaint must state enough factual matter [taken as true] to suggest that an agreement was made. *See id.* Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974)*(overruled on other grounds)*).

At the outset, the Court notes that Defendant states, via a footnote, that notwithstanding the fact that it has submitted certain documents which are outside the pleadings in connection with its Motion to Dismiss, a Rule 12(b)(6) standard remains the proper one for review in this case. The Court concurs. Indeed, the mortgage agreement, deed of trust, and WaMu's letter are unequivocally referenced in Paragraph 4 of Plaintiff's Complaint, and are therefore central to her claims. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

B.  History of the National Flood Insurance Act ("NFIA")

As explained in *Lusins v. First Amer. R.E. Solutions of Tex., L.P.*, No. 1:06cv646, 2007 WL 1745625 (S.D. Miss. 2007), the NFIA authorized the Government to establish the National Flood Insurance Program ("NFIP"), which offered property owners the opportunity to voluntarily purchase reasonably priced flood insurance from the Government. The NFIA was amended in 1973 to enact the Flood Disaster Protection Act (the "Act"). *See* 42 U.S.C. § 4012a(b)(1). The Act requires flood insurance for loans secured by improved real estate located within a Special Flood Hazard Area ("SFHA"). It also requires banks and other lending institutions ("Regulated Lenders") to determine whether property is located within a SFHA and, if so, to ensure that flood insurance is obtained. *See* 42 U.S.C. §§ 4104a and 4012a(b)(1). Under the Act, Regulated Lenders are permitted to delegate the task of making a SFHA determination to third parties. *See* 42 U.S.C. § 4104b(d).

C.  Plaintiff's Asserted Private Right of Action against WaMu

Plaintiff claims that WaMu negligently misrepresented that her property was not located in a flood zone and that, as a result, she elected to cancel her existing policy and therefore lacked flood insurance when Katrina made landfall.

The courts have consistently held that the NFIA does not create a private cause of action for alleged inaccurate flood determinations. *See, e.g., Wentwood Woodside I, LP v. GMAC Commercial Morg. Corp.*, 419 F.3d 310, 323 (5th Cir. 2005). In *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 159-60 (5th Cir. 1981), the plaintiffs filed suit against their mortgage lender and its subsidiary based on the defendants' failure to notify them that their home was located within a Special Flood Hazard Area and their consequent failure to require flood insurance. *Till*, 653 F. 2d at 154-55. The district court held that the NFIA did not create a private cause of action. *Id.* at 156. The Court of Appeals affirmed, holding that the NFIA "merely require[s] lending institutions to notify borrowers of flood plains and require flood insurance." *Id.* at 158. "Lenders are only directed to require flood insurance for the amount and term of the outstanding loan balance. There is not a requirement that the flood insurance cover the equity of the borrower. Congress was interested in protecting the lending institutions whose deposits the federal regulatory agencies insured." *Id.* at 159. In concluding that no private right of action existed under the NFIA, the Fifth Circuit determined that the plaintiffs were not the "primary beneficiaries" of the Act:

> In short, [plaintiffs] are not the especial beneficiaries of [the NFIA] in view of the fact that the only duties imposed therein are upon the various federal regulatory agencies and the clear indication of concern not merely for the borrowers but also for the federally insured lending institutions. . . Our examination of legislative history reveals no evidence of specific congressional intent to vest [plaintiffs] with any federal right to damages for a violation of [the NFIA]. Instead, the only discernible evidence of intent suggests no such private remedy was envisioned.

*Id.* at 159-60; s*ee also Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 252 (5th Cir. 2008)(purpose of the NFIA is "not to inform the borrower of the home's flood zone status," but to protect lender and federal government)(emphasis added).

D.  Plaintiff's Asserted Common Law Claims against WaMu

As stated above, the law is clear that no private right of action exists under the NFIA against a Regulated Lender for failure to make an accurate flood zone determination. *See Till,* 653 F.2d at 154. However, lack of a private cause of action pursuant to the NFIA does not *per se* foreclose the possibility of a state common law cause of action against Regulated Lenders. *See id.* "Of course, the question of whether a common law right of action exists for violations of the NFIA is a matter of state law." *Audler,* 519 F.3d at 253.

On December 2, 2008, the Fifth Circuit Court of Appeals decided *Paul v. Landsafe Flood Determination Inc.*, 2008 WL 5061629 (5th Cir. Miss. 2008), a case factually analogous to the present one, wherein Countrywide Home Loans, Inc., as mortgage lender, hired and paid Landsafe Flood Determination, Inc., ["Landsafe"] to ascertain whether the plaintiff's home was situated in a flood zone. Landsafe determined that the home was not situated in a flood zone and, in turn,

Countrywide did not require the plaintiffs to obtain flood insurance on the property through NFIA. After Katrina damaged their home, the plaintiffs learned that the home was indeed situated in a flood zone. Plaintiffs filed suit against Landsafe, alleging claims of negligence and negligent misrepresentation. The district court granted summary judgment in favor of the defendants; the Fifth Circuit, acknowledging that some aspects of its decision had not yet been addressed by Mississippi state courts, reversed, concluding that:

> ... issues arising in Mississippi from flood-zone determinations are similar to those in the termite inspection and auditor report precedents. Admittedly, reliance is a different issue when flood insurance is required and is not an option. We do not consider what reliance would mean in circumstances such as this. It is enough to hold that the erroneous flood-zone determination was the kind of professional opinion, developed in the course of a party's business and supplied for the guidance of others in a transaction, on which justifiable and detrimental reliance by a reasonably foreseeable person might be shown to have occurred.

*Id.* at *7.

Federal court jurisdiction over supplemental state claims is governed by 28 U.S.C. § 1367, which provides that:

> [i]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a)(Supp. 1992).

Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court

-7-

has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As the commentary to section 1367(c)(3) explains:

> the idea here is that once the crutch is removed-the claim that supports the supplemental jurisdiction of the other claim or claims-the other should not remain for adjudication ....

28 U.S.C. § 1367 Practice Commentary (West Supp. 1993).

District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over state claims once all federal claims have been dismissed. *See Neal v. Sky Chefs,* 39 F.3d 321, 321 (5th Cir.1998); *Noble v. White,* 996 F.2d 797, 799 (5th Cir. 1993). In fact, the Fifth Circuit's "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir. 1992). The Court in Parker went on to state:

> [n]eedless decisions of state law should be avoided both as a matter of economy and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.*

In the present case, absent Plaintiff's NFIA claims, there exists no independent basis for federal jurisdiction. Therefore, in the interest of comity, judicial economy, convenience, and fairness to the litigants, the Court, in its discretion pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, if any. *See* 28 U.S.C. §

1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *Rhyne v. Henderson County,* 973 F.2d 386, 395 (5th Cir. 1992).

III. CONCLUSION

The Court, after careful review and consideration of the instant Motion, the pleadings on file and the relevant legal authorities, and after considering the evidence in the light most favorable to Plaintiff, including resolving all doubts in her favor, is compelled to conclude that Plaintiff has no private right of action against WaMu in connection with any erroneous flood zone determination provided in connection with the National Flood Insurance Act. Therefore, Defendant's Motion to Dismiss must be granted on that particular claim. Because the Court declines to exercise supplemental jurisdiction over any remaining state law claims, the Court further finds that the remainder of Defendant's Motion must be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion to Dismiss filed by Defendant WaMu on May 23, 2008 [3-1], pursuant to FED. R. CIV. P. 12(b)(6) should be, and is, hereby **GRANTED IN PART** as to Plaintiff's federal NFIA claim.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, because this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state common law claims, if any, this cause is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI**. To the extent the remaining

pending Motions seek other relief, they must be and are hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 5th day of December, 2008.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE