IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| MARIA KELLY | § | PLAINTIFF |
|---|---|---|
| | § | |
| v. | § | Civil Action No. 1:08cv176HSO-JMR |
| | § | |
| WASHINGTON MUTUAL | § | DEFENDANT |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS

BEFORE THE COURT is a Motion to Dismiss Plaintiff's State Law Claims filed January 30, 2009 [15-1], by Defendant Washington Mutual [hereinafter "WaMu"] pursuant to FED. R. CIV. P. Rule 12(b)(6), in the above styled and numbered cause. Plaintiff responded [17-1] on February 4, 2009, and Defendant filed a Rebuttal [18-1] on February 12, 2009. After due consideration of the submissions, the record, and the relevant law, it is the opinion of the Court that Defendant's Motion must be granted as set forth hereinafter.

### I. FACTS AND PROCEDURAL HISTORY

The facts and procedural history have previously been set forth in the Court's opinion entered in this cause on December 5, 2008, and are hereby incorporated by reference. *See* C.R. #10. WaMu moves the Court to dismiss Plaintiff's remaining state law claims on the grounds that WaMu owes no duty to Plaintiff regarding the flood zone determination made on Plaintiff's property.

## II. DISCUSSION

A.  Standard Of Review

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)(*citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  at 1965.

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.  To survive a motion to dismiss where the existence of an agreement is in question, the complaint must state enough factual matter [taken as true] to suggest that an agreement was made. *See id.*  Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)*(overruled on other grounds)*).

A.  Plaintiff's Asserted State Law Claims against WaMu

The National Flood Insurance Act of 1968 requires flood insurance for loans secured by improved real estate located within a Special Flood Hazard Area ("SFHA"). It also requires banks and other lending institutions ("Regulated Lenders") to determine whether property is located within a SFHA and, if so, to ensure that flood insurance is obtained. *See* 42 U.S.C. §§ 4104a and 4012a(b)(1). Under the Act, Regulated Lenders are permitted to delegate the task of making a SFHA determination to third parties. *See* 42 U.S.C. § 4104b(d).

On December 2, 2008, the Fifth Circuit Court of Appeals decided *Paul v. Landsafe Flood Determination Inc.*, 2008 WL 5061629 (5th Cir. Miss. 2008), a case factually analogous to the present one, wherein Countrywide Home Loans, Inc., as mortgage lender, hired and paid Landsafe Flood Determination, Inc. ["Landsafe"], to ascertain whether the plaintiff's home was situated in a flood zone. Landsafe determined that the home was not situated in a flood zone and, in turn, Countrywide did not require the plaintiffs to obtain flood insurance on the property through NFIA. After Hurricane Katrina damaged their home, the plaintiffs learned that the home was indeed situated in a flood zone. Plaintiffs filed suit against Landsafe, alleging claims of negligence and negligent misrepresentation. The district court granted summary judgment in favor of the defendants; the Fifth Circuit, acknowledging that some aspects of its decision had not yet been addressed by Mississippi state courts, reversed, concluding that:

> ... issues arising in Mississippi from flood-zone determinations are similar to those in the termite inspection and auditor report precedents. Admittedly, reliance is a different issue when flood insurance is required and is not an option. We do not consider what reliance would mean in circumstances such as this. It is enough to hold that the erroneous flood-zone determination was the kind of professional opinion, developed in the course of a party's business and supplied for the guidance of others in a transaction, on which justifiable and detrimental reliance by a reasonably foreseeable person might be shown to have occurred.

*Id.* at *7.

The courts have consistently held that the NFIA does not create a private cause of action for alleged inaccurate flood determinations. *See, e.g., Wentwood Woodside I, LP v. GMAC Commercial Morg. Corp.*, 419 F.3d 310, 323 (5th Cir. 2005). In *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 159-60 (5th Cir. 1981), the plaintiffs filed suit against their mortgage lender and its subsidiary based on the defendants' failure to notify them that their home was located within a Special Flood Hazard Area and their consequent failure to require flood insurance. *Till*, 653 F. 2d at 154-55. The district court held that the NFIA did not create a private cause of action. *Id.* at 156. The Court of Appeals affirmed, holding that the NFIA "merely require[s] lending institutions to notify borrowers of flood plains and require flood insurance." *Id.* at 158. In concluding that no private right of action existed under the NFIA, the Fifth Circuit determined that the plaintiffs were not the "primary beneficiaries" of the Act:

> In short, [plaintiffs] are not the especial beneficiaries of [the NFIA] in view of the fact that the only duties imposed therein are upon the various federal regulatory agencies and the clear indication of concern not merely for the borrowers but also for the federally insured lending institutions. ... Our examination of legislative history reveals no evidence of specific congressional intent to vest [plaintiffs] with any federal right to damages for a violation of [the NFIA]. Instead, the only discernible evidence of

intent suggests no such private remedy was envisioned.

*Id.* at 159-60; s*ee also Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 252 (5th Cir. 2008)(purpose of the NFIA is "not to inform the borrower of the home's flood zone status," but to protect lender and federal government)(emphasis added).

As stated above, the law is clear that no private right of action exists under the NFIA against a Regulated Lender, such as WaMu, for failure to make an accurate flood zone determination. *See Till,* 653 F.2d at 154. "Of course, the question of whether a common law right of action exists for violations of the NFIA is a matter of state law." *Audler,* 519 F.3d at 253.

In the present case, a third party, not WaMu, performed the flood zone determination for the Kelly property. This fact distinguishes the present case from the holding set forth in *Paul v. Landsafe Flood Determination.* Based upon the facts of this case, the Court is of the opinion that Plaintiff has not carried the burden of demonstrating the existence of any legal duty owed her by WaMu under state law. The Court must therefore conclude that Plaintiff is unable to state a claim against WaMu under Mississippi law.

### III. CONCLUSION

The Court, after careful review and consideration of the instant Motion, the pleadings on file and the relevant legal authorities, and after considering the evidence in the light most favorable to Plaintiff, including resolving all doubts in her favor, is of the opinion that Defendant's Motion to Dismiss is well taken and should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion to Dismiss Plaintiff's State Law Claims filed by Defendant

WaMu on January 30, 2009 [15-1], pursuant to FED. R. CIV. P. 12(b)(6) should be, and is, hereby **GRANTED,** and the above captioned cause is dismissed with prejudice.

**SO ORDERED AND ADJUDGED**, this the 28th day of April, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE